IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN ANDREW KISTER,    )
AIS # 264274,    )
    )
    Plaintiff,    )
    )
    v.    )    CASE NO. 2:26-CV-625-WKW
    )    [WO]
DIRECTOR OF THE SOCIAL    )
SECURITY ADMINISTRATION IN    )
MONTGOMERY, ALABAMA, and    )
DIRECTOR OF SOCIAL SECURITY    )
NATIONWIDE,    )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff John Andrew Kister, a state inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 complaint against two Defendants:  (1) the Director of the Social Security Administration in Montgomery, Alabama; and (2) the Director of Social Security Nationwide.  The complaint is before the court for screening under 28 U.S.C. § 1915A.  For the following reasons, Plaintiff's complaint will be dismissed without prejudice.

### I.  STANDARD OF REVIEW

28 U.S.C. § 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from

such relief.  § 1915A(b)(1)–(2).[1]  A claim is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A claim lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  Such a claim includes one alleging the infringement of a legal interest that "clearly does not exist."  *Id.* (citation omitted).

Pro se pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## II.  THE COMPLAINT'S ALLEGATIONS

Using a form complaint commonly used by state inmates to assert claims under 42 U.S.C. § 1983, Plaintiff alleges violations of his federal constitutional

---

[1] The language in § 1915A(b)(1)–(2) is nearly identical to the language in 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

rights arising from the purported deprivation of property based on Defendants' withholding of $7,149 in "Social Security tax" he has paid during his lifetime. (Doc. # 1 at 4–5.) He contends Defendants "should not be allowed to keep the money [he] earned just because [he] is incarcerated." (*Id.* at 5.) In support, he alleges that he is 62 years old, is serving four consecutive life sentences in the Alabama Department of Corrections, and will never be released from prison. (*Id.*) He further clarifies that he does not "want retirement or SSI" but rather that he "want[s] the money [he] earned returned to [him]," plus interest. (*Id.* at 5–6.)

### III.  DISCUSSION

**A.**    **<u>The complaint is based on an indisputably meritless legal theory.</u>**

Plaintiff's claim seeking a refund of Social Security taxes paid over his lifetime is not cognizable under 42 U.S.C. § 1983. "Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Bowles v. Desantis*, 934 F.3d 1230, 1239 (11th Cir. 2019) (quoting 42 U.S.C. § 1983). It does not apply to federal officials acting under color of federal law. *See Johnson v. Terry*, 119 F.4th 840, 847 (11th Cir. 2024) ("When it enacted 42 U.S.C. § 1983, Congress allowed an injured person to sue for money damages claiming that a *state* official had violated his constitutional rights. Congress has never enacted a corresponding statute providing a damages remedy to plaintiffs

3

whose constitutional rights have been violated by a *federal* official."), *cert. denied*, 146 S. Ct. 101 (2025); *see also Fuqua v. Turner*, 996 F.3d 1140, 1147 n.3 (11th Cir. 2021) (noting that § 1983 did not provide a cause of action against ATF Agents because, as federal officers, they "were not 'acting under color of state law'" (citation omitted)). Because Defendants are alleged to be government officials of federal agencies, the requirement of state action under § 1983 is not met.

Instead, the complaint's allegations challenge the withholding and administration of Social Security deductions.[2] Social Security deductions are federal taxes imposed under the Federal Insurance Contributions Act, 26 U.S.C. §§ 3101–3134. Specifically, 26 U.S.C. § 3101 imposes on the income of every individual a tax equal to a percentage of wages received with respect to employment, and these taxes are deducted from employee wages pursuant to 26 U.S.C. § 3102. Because these deductions are federal taxes, the Internal Revenue Code provides the initial mechanism for seeking their return. *See* 26 U.S.C. § 7422. Under § 7422(a),

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in

---

[2] Plaintiff expressly states that he is not seeking "retirement or SSI," (Doc. # 1 at 5), presumably referring to Social Security retirement benefits and Supplemental Security Income. That concession is appropriate because "[t]he Social Security Act sets out the exclusive means of judicial review of a decision on social security benefits." *United States v. Lopez*, 287 F. App'x 837, 839 (11th Cir. 2008) (citing 42 U.S.C. § 405); *see also Flemming v. Nestor*, 363 U.S. 603, 610 (1960) (holding that Social Security retirement benefits confer a "noncontractual interest" and that a person covered by the Social Security Act "has not such a right in benefit payments as would make every defeasance of 'accrued' interests violative of the Due Process Clause of the Fifth Amendment").

4

any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*Id.*; *see also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) (explaining that under § 7422(a), "a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought"); *Ginsburg v. United States*, 17 F.4th 78, 85 (11th Cir. 2021) ("Section 7422(a) makes the proper filing of an administrative refund claim a condition precedent to bringing a lawsuit for a refund." (citation omitted)).

Because the relief Plaintiff seeks is, in substance, the return of allegedly wrongfully retained federal taxes, § 7422(a) requires the filing of an administrative refund claim with the Secretary of Treasury before any suit may be maintained. Plaintiff does not allege that he filed an administrative claim for a refund with the Secretary.

Even if Plaintiff's complaint is construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), it fares no better. In *Bivens*, the Supreme Court for the first time "recognized an implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment." *Goldey v. Fields*, 606 U.S. 942, 942 (2025) (per curiam). Since *Bivens*, the Supreme Court has "created two more causes of action for violations of constitutional rights by federal officials." *Johnson v. Terry*,

5

119 F.4th 840, 847 (11th Cir. 2024).   Neither involved a deprivation-of-property claim.  *See id.* (explaining that one cause of action "was against a Congressman under the Fifth Amendment for sex discrimination after he fired his secretary because she was a woman; another was against federal prison officials under the Eighth Amendment for failing to treat an inmate's asthma, resulting in his death").  And the Supreme Court "has repeatedly emphasized that 'recognizing a cause of action under *Bivens* is a disfavored judicial activity.'"  *Goldey*, 606 U.S. at 944 (quoting *Egbert v. Boule*, 596 U.S. 482, 491 (2022)).

Where, as here, the claim arises in "a new *Bivens* context,"[3] the court must consider whether any "special factors" counsel against recognizing a *Bivens* remedy.  *Goldey*, 606 U.S. at 944 (citation omitted).  One such special factor is the existence of "an alternative remedial structure." *Id.* (citation omitted).  An alternative remedial structure exists for an aggrieved taxpayer, namely, § 7422(a).  This statutory scheme precludes a *Bivens* constitutional claim.

Accordingly, the complaint will be dismissed on screening under 28 U.S.C. § 1915A(b)(1) because, whether framed under 42 U.S.C. § 1983 or *Bivens*, it rests on "an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).   In substance, the relief sought sounds in the Internal Revenue Code's

---

[3] Plaintiff's claim seeking a refund of lifetime social security tax withholdings obviously bears no resemblance to any of the three recognized *Bivens* contexts.

6

administrative refund scheme, *see* 26 U.S.C. § 7422(a), and the complaint does not allege exhaustion of § 7422(a)'s administrative prerequisites.

**B.    Permitting an amendment to the complaint would be futile.**

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (per curiam).  However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).  No amendment to this complaint could cure the deficiencies identified above.  Therefore, leave to amend will not be granted.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to survive the mandatory screening required by 28 U.S.C. § 1915A(b).  Accordingly, it is ORDERED that Plaintiff's complaint is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 6th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE